IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BURNS, </br></br> Plaintiff, </br></br> v. </br></br> BLUE LINE SECURITY SOLUTIONS LLC, </br></br> Defendant. | |

## COMPLAINT

Plaintiff, Michael Burns, by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint against Defendant Blue Line Security Solutions LLC, states as follows:

### NATURE OF ACTION

1. Plaintiff brings this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and pursuant to the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL").

2. Specifically, Defendant violated the FLSA and IMWL by misclassifying Plaintiff as an independent contractor and paying less than the federal and Illinois mandated overtime wages because Blue Line failed to compensate Plaintiff a rate of one and one-half times his regular rate of pay ("overtime") for all hours worked in excess of forty (40) hours per week.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 29 U.S.C. § 2617.

4. This Court has supplemental jurisdiction over the state law IMWL claim pursuant to 28 U.S.C. § 1367.

5. The unlawful employment practices described herein were committed within the State of Illinois, primarily in Cook and Will Counties. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Michael Burns is an adult resident of Olympia Fields, Illinois.

7. Plaintiff worked for Defendant in Illinois from in or about August 2019 through on or about March 22, 2025.

8. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the FLSA and IMWL.

9. Blue Line Security Solutions LLC ("Blue Line" or "Defendant") is a security company, registered and doing business in the State of Illinois.

10. Defendant is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

## FACTUAL ALLEGATIONS

11. Defendant employed Plaintiff as a Security Supervisor from on or about August 2019 through on or about March 22, 2025.

12. Throughout his employment with Defendant, Plaintiff consistently worked more than forty hours per individual workweek.

13. From the start of his employment until on or about January 1, 2024, Plaintiff was misclassified as an independent contractor by Defendant.

14. Plaintiff was paid by the hour and did not receive any overtime pay for any hours he worked over forty (40) from the start of his employment though January 2024.

15. Plaintiff's hourly rate of pay varied based upon the customer jobsite where Defendant placed him to work. His hourly rate typically varied between $18 and $20 per hour, and went up to $35 per hour for some of Blue Line's customers.

16. Defendant determined and set Plaintiff's hourly rates of pay.

17. Plaintiff's primary duties were to provide onsite security to Defendant's customers as well as to oversee Defendant's security guards. As a Security Supervisor, Plaintiff oversaw the security guards by providing training, scheduling security guards to their posts, and ensuring that security guards had adequate resources to accomplish their job duties.

18. Defendant assigned Plaintiff to each jobsite, set his schedule, and assigned his hours of work.

19. Defendant provided Plaintiff with uniforms and all necessary equipment. Blue Line managers assigned specific uniforms for Plaintiff to wear and inspected to ensure his compliance.

20. Plaintiff has been deprived of overtime compensation to which he is entitled pursuant to the FLSA and IMWL.

## COUNT I – FAIR LABOR STANDARDS ACT

21. Plaintiff restates and incorporates the preceding Paragraphs as though fully set forth herein.

22. This Count arises from Defendant's violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay Plaintiff the correct time-and-one-half his regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

23. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

WHEREFORE, Plaintiff, Michael Burns, respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the following relief:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II – ILLINOIS MINIMUM WAGE LAW

24. Plaintiff restates and incorporates paragraphs 1 though 20 as though fully set forth herein.

25. Pursuant to 820 ILCS 105/4a, Plaintiff was entitled to be compensated at the overtime rate for all hours worked in excess of forty (40) in individual workweeks during his employment with Defendant.

26. Defendant failed to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) hours in individual workweeks.

27. Defendant's failure to compensate Plaintiff at the applicable overtime rate for all hours worked in excess of forty (40) hours in individual workweeks is a violation of the IMWL.

28. As a direct and proximate result of Defendant's conduct, Plaintiff is due back wages and other damages pursuant to the IMWL.

WHEREFORE, Plaintiff, Michael Burns, respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the following relief:

    a. Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint;

    b. Awarding treble the unpaid overtime wages owed pursuant to the IMWL, 820 ILCS 105/12(a);

    c. Awarding interest pursuant to the formula set forth in 820 ILCS 105/12(a);

    d. Awarding reasonable attorneys' fees and costs incurred in this action; and

    e. Ordering such other and further relief as this Court deems appropriate and just.

Dated: October 7, 2025                                Respectfully submitted,

Alexis D. Martin, #6309619                  MICHAEL BURNS
Whitney L. Barr #6340077
Caffarelli & Associates Ltd.
8 S. Michigan Ave., Ste. 1200                 By: /s/ Alexis D. Martin
Chicago, Illinois 60603                            Attorney for the Plaintiff
Tel. (312) 763-6880
*amartin@caffarelli.com*
*wbarr@caffarelli.com*